IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA BROOKS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 06-4174 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

**Green, S.J.**                                                                                                    **March 9, 2007**

## MEMORANDUM

Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint, and Plaintiff's response thereto. For the reasons stated below, Defendant's Motion will be granted in part and denied in part.

**Factual and Procedural Background**

Plaintiff is an adult, African-American female employed as a police officer for Defendant. She alleges unlawful employment practices, by Defendant, on the basis of sex and race discrimination pursuant to Title VII of the Civil Rights Act, as amended, (hereinafter "Title VII"), 42 U.S.C. §2000e et seq., and the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. §951 et seq. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367(a).

Plaintiff alleges the following facts in her Complaint. Plaintiff began her employment as a police officer for Defendant in December 1996. In October 1998, Plaintiff filed an internal complaint alleging sexual harassment against her immediate supervisor, Sergeant Dave Gawinski. After filing her complaint, Plaintiff experienced retaliatory behavior, which included

the misplacement of her police reports, and Sergeant Gawinski making statements like "I am going to get you."

In November 1999, Plaintiff was transferred to the 24th police district under the supervision of Sergeant Dietrich. Sergeant Dietrich was allegedly aware of Plaintiff's sexual harassment complaint and began retaliatory actions against her, including failing to provide her with the same level of police "back up" given to other officers in dangerous situations, and interfering with her police radio transmissions. Soon after, a fellow police officer, Waring, made racial slurs toward Plaintiff in an effort to provoke a fight. Plaintiff was reprimanded for the alleged fight. Officer Waring was not. In June 2000, a large group of Caucasian male police officers and one Caucasian female police officer attempted to provoke Plaintiff by making suggestive comments about her buttocks. Around the same time, Plaintiff was allegedly provoked into a fight with Officer Nancy Quinn. Several of Plaintiff's supervisors were aware of, and allegedly condoned, the unlawful conduct. Plaintiff was reprimanded for the alleged fighting incident by being transferred to the 22nd police district in October 2001.

Plaintiff's Complaint further alleges that while at the 22nd police district, Sergeant Anthony Samarco was Plaintiff's immediate supervisor. Sergeant Samarco was allegedly aware of the previous complaints made by Plaintiff and immediately began to retaliate against her and create a hostile work environment. Sergeant Samarco's behavior included making sexual comments to his male co-workers regarding Plaintiff, assigning unfavorable work details usually reserved for officers with less seniority, calling Plaintiff's fiancé at home and asking personal questions about Plaintiff, and refusing to listen to Plaintiff's complaint that a male officer had pushed her. Plaintiff requested repeatedly to be removed from Sergeant Samarco's supervision,

but these requests were denied by her superiors. Plaintiff reported the harassment but no action was taken.

As a result of Plaintiff's complaint, other officers retaliated against her, and Sergeant Samarco reprimanded her by assigning her to foot patrol, downgrading jobs in which Plaintiff was the arresting officer, and making negative comments which continued to alienate her from her fellow police officers. In March 2002, Sergeant Samarco physically grabbed Plaintiff's hand and wrist while she was attempting to photocopy a document. Plaintiff reported this incident, and after an investigation, Sergeant Samarco was removed from the 22nd[1] police district.

Plaintiff's Complaint continues by alleging that beginning in October 2002, Plaintiff was denied access to the 22nd police district for approximately two (2) weeks. Plaintiff filed a grievance with the Fraternal Order of Police and was successful. Currently, Plaintiff alleges that the type of conduct complained of above continues to the present day as part of an overall atmosphere of harassment.

In its Motion, Defendant asserts that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff failed to file a timely charge with the PHRA and EEOC as to all incidents that allegedly occurred prior to December 27, 1999; (2) incidents for which no date is stated lack specificity; (3) Plaintiff failed to exhaust her administrative remedies for incidents that occurred after October 2, 2000; (3) Plaintiff's first and third Counts do not allege sufficient facts to support a hostile work environment claim; (4) Plaintiff does not allege sufficient facts to

---

[1] Paragraph 43 of Plaintiff's Complaint states that Sergeant Samarco was removed from the 24th police district. However, careful reading of the Complaint showed that both Plaintiff and Sergeant Samarco worked at the 22nd police district, and the court has made the correction in its memorandum.

support a retaliation claim; (5) Plaintiff's does not allege sufficient facts to maintain her state law claim; and (6) punitive damages are unavailable against Defendant.

In her response, Plaintiff asserts the following: (1) Plaintiff has exhausted her administrative remedies on all counts; and (2) her allegations are sufficient enough to sustain race discrimination, hostile work environment, retaliation, and state law claims. Plaintiff fails to address the timeliness of her claims as to incidents that occurred prior to December 27, 1999, and her request for punitive damages.

**Discussion**

**A. Standard of Review**

A court should grant a motion to dismiss for failure to state a claim only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. See Hishom v. King & Spalding, 467 U.S. 69, 73 (1984). When deciding a motion to dismiss, the court must "construe the complaint in the light most favorable to the Plaintiff, and determine whether, under any reasonable reading of the pleadings, the Plaintiff is entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-6 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989).

The Federal Rules of Civil Procedure authorize notice pleadings in civil proceedings. Fed. R. Civ. P. 8(a) (2006). A unanimous Supreme Court stated that:

> [g]iven the Federal Rules simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. If the pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, <u>claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading</u>

system, which was adopted to focus on the merits of the claim. (emphasis supplied) Swierkiewicz v. Sorema, 534 U.S. 506 (2002).

**B. Title VII**

Prior to filing a claim in federal court, Title VII requires an employee to first file a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"). 42 U.S.C. §2000e-5 (2007). A charge must be filed with the EEOC within three hundred (300) days after the alleged unlawful employment practice occurred.[2] Id.

However, when alleging a hostile work environment claim, it does not matter that some of the acts of the hostile work environment fall outside the statutory time period. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002). As long as one of the contributing acts occurs within the 300 day filing period, the entire time period of the hostile environment may be considered by a court. Id.

Moreover, as long as the employer has engaged in enough activity to make out a hostile work environment claim, events subsequent to the filing of an EEOC charge may still be part of the one hostile work environment claim. Id.

To establish a prima facie case for a hostile work environment based upon race or sex, an employee must establish the following: (1) she suffered intentional discrimination because of her [race or sex]; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected the employee; (4) the discrimination would detrimentally affect a

---

[2] The three hundred (300) day statute of limitations only applies when the aggrieved employee has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice. Plaintiff in this case initiated proceedings with the PHRC, a state agency with the above discussed authority.

reasonable person of the same [race or sex] in that position; and (5) the existence of respondeat superior liability. Jensen v. Potter, 435 F.3d 444, 449 n.3 (3d Cir. 2006).

For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the terms and conditions of the plaintiff's employment and create an abusive working environment. Meritor at 67. When considering a hostile work environment claim, the court should view the totality of the circumstances while considering the following: (1) the frequency of the harassment; (2) the severity of the harassment; (3) whether the harassment is physically threatening or humiliating or merely an offensive utterance; (4) whether it unreasonably interferes with the employee's work performance, and (5) the harassment's effect of the employee's psychological well being. Harris v. Forklift Systems, 510 U.S. 17, 23 (1993). Respondeat superior liability exists when an employer knew or should have known of the harassment and failed to take prompt remedial action. Andrews v. City of Philadelphia, 895 F.2d 1469, 1486 (3d Cir. 1990).

To establish a prima facie case for retaliation under Title VII, an employee must demonstrate the following: (1) that she engaged in a protected activity; (2) that she was the subject of adverse employment action subsequent to, or contemporaneously with, such activity; and (3) a causal link exists between the activity and the adverse action. Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989). Clearly, the allegations of the Complaint exceed the notice requirements of Swierkiewicz.

**Analysis**

**A. Timeliness of Plaintiff's Claims**

Defendant asserts in its Motion that Plaintiff's EEOC charge was untimely as to some of

the discriminatory incidents alleged in Plaintiff's Complaint. Specifically, Defendant asserts that the alleged discriminatory incidents that occurred before December 27, 1999 can not be included in this suit because the statute of limitations for those incidents had run. Plaintiff filed her first charge with the PHRC and the EEOC on October 3, 2000. Therefore, the 300-day statute of limitations period for discriminatory acts included in the EEOC charge began on December 27, 1999. However, according to Morgan, discriminatory acts that occurred before December 27, 1999 are not time-barred at this time as long as Plaintiff alleges that they are acts contributing to the creation of a hostile work environment. As such, the discriminatory acts that occurred before December 27, 1999 are timely as to the hostile work environment claim.

Moreover, the incidents described by Plaintiff that do not include specific dates are specific enough to survive a motion to dismiss. All of the incidents described by Plaintiff either include a specific date, or are related to another incident that includes a specific date. As such, Plaintiff's allegations include sufficient specificity to provide Defendant with a time-line as to when the alleged discriminatory events occurred. Thus, Defendant's Motion as to the untimeliness of Plaintiff's claims will be dismissed.

**B. Failure to Exhaust Administrative Remedies**

Defendant asserts in its Motion that Plaintiff failed to exhaust her administrative remedies for allegations post October 2, 2000. Specifically, Defendant argues that because Plaintiff filed her first charge on October 2, 2000, the Pennsylvania Human Relations Commission and the EEOC could not have investigated incidents that occurred after October 2, 2000, and those allegations should be dismissed. The Supreme Court in Morgan held that a plaintiff does not have to file an additional EEOC charge alleging a hostile work environment if the events that

occurred after the filing of the EEOC charge are subsequent events that are within the scope of the initial hostile work environment claim.  Plaintiff filed her first charge with the PHRA and EEOC alleging hostile work environment based upon sex and race discrimination. Plaintiff filed a second charge with the PHRA and EEOC on December 7, 2001, alleging discrimination and retaliation. Plaintiff's allegations of incidents of discrimination post October 2, 2000 are within the scope of the hostile work environment claim subject to investigation by the EEOC.

**C. Plaintiff's Hostile Work Environment Claim**

Defendant asserts in its Motion that Plaintiff's first and third causes of action must be dismissed because Plaintiff has not alleged harassment severe and pervasive enough to support a hostile work environment claim, the alleged harassment did not detrimentally affect Plaintiff, the alleged harassment would not detrimentally affect a reasonable person, and Defendant is not vicariously liable under the theory of respondeat superior.  In her Complaint, Plaintiff alleges that the discriminatory comments made to her by her superiors were severe, pervasive, ongoing and unwelcome, creating a hostile work environment based upon sex and race discrimination.  Under Swierkiewicz, Plaintiff has alleged facts sufficient to give Defendant notice of Plaintiff's claims.

**D.  Plaintiff's Retaliation Claim**

Defendant asserts in it's Motion that Plaintiff's allegations do not satisfy a retaliation claim against Defendant.  In Plaintiff's Complaint, Plaintiff alleges that in October 1998, she filed an internal complaint of sexual harassment against her then supervisor.  As a result, Plaintiff alleges that she was harassed by her superiors and fellow police officers, which included being denied access to her police district for approximately two (2) weeks.  When reading the

Complaint in the light most favorable to the Plaintiff, her allegations meet the liberal pleading standard for a retaliation claim. As such, Defendant's Motion as to Plaintiff's retaliation claim will be denied.

**E. Plaintiff's State Law Claim**

Defendant asserts that because Plaintiff's Title VII claims must fail, Plaintiff's state law claims must also fail. Pennsylvania courts have construed the protections offered by Title VII and the PHRA interchangeably, making the proper analysis under the two statutes identical. Weston v. Pennsylvania, 251 F.3d 420, 426 n.3 (3d Cir. 2001). Plaintiff's allegations are sufficient to satisfy both Title VII and the PHRA. Defendant's Motion as to Plaintiff's state law claim will be denied.

**F. Punitive Damages**

Defendant asserts that punitive damages are not recoverable against a municipality under Title VII, or the PHRA. Plaintiff does not dispute this assertion. Defendant's Motion as to Plaintiff's request for punitive damages will be granted.

An appropriate order follows.